**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4079

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VADYM VALERIYOVICH BORODYONOK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:07-cr-00134-RGD-FBS-1)

Submitted: June 19, 2008                Decided: July 16, 2008

Before MICHAEL and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William J. Holmes, Virginia Beach, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Joseph E. DePadilla, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On August 1, 2007, Vadym Valeriyovich Borodyonok was indicted for conspiracy to commit immigration fraud, in violation of 18 U.S.C. § 371 (2000) (Count One) and marriage fraud, in violation of 8 U.S.C. § 1325(c) (2000) (Count Two). Following a jury trial, Borodyonok was convicted of both counts. He now appeals, alleging he was denied a fair trial because the trial court's interjections clearly conveyed to the jury the court's belief that Borodyonok was guilty and because the court essentially directed a guilty verdict through its biased jury instructions. We affirm the judgment of the district court.

Borodyonok failed to object to the district court's interjections and questions. Accordingly, his claim is reviewed for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). As support for his claim that the court's interruptions deprived him of a fair trial, Borodyonok notes that the district court sua sponte interrupted defense counsel sixteen times, told defense counsel to move along eight times, and held three sidebars in the presence of the jury where he criticized defense counsel. We have independently reviewed the record and determined that the interjections complained of by Borodyonok were well within the district court's discretion to efficiently manage the presentation of admissible evidence.

- 2 -

Accordingly, Borodyonok fails to demonstrate the district court erred, much less committed plain error.[*]

Moreover, when the transcript is viewed as a whole, the record reveals no bias on the part of the district court as the district court also told the Government's attorney to "move along," corrected and criticized the Government's attorney in front of the jury, and took an active role in the questioning of at least one of the Government's witnesses. United States v. Parodi, 703 F.2d 768, 776 (4th Cir. 1983). The transcript shows at most a trial judge's ordinary efforts to control the mode and order of the presentation of evidence and to prevent Borodyonok's trial from unnecessarily consuming judicial resources. United States v. Castnor, 50 F.3d 1267, 1274 (4th Cir. 1995); United States v. Smith, 452 F.3d 323, 332 (4th Cir. 2006). Accordingly, Borodyonok's claim fails.

Borodyonok next claims the district court exhibited a lack of impartiality in charging the jury that, to sustain a conviction on Count One, the Government had to prove either conspiracy to evade immigration laws *or* conspiracy to make a false statement to immigration officials, even though the two clauses

---

[*]To the extent Borodyonok claims bias by the district court in threatening defense counsel with sanctions in front of the jury, his claim is without merit as the record clearly shows the jury was outside the courtroom when counsel was threatened with a fine for asking repetitious questions. Also, Borodyonok suffered no prejudice in being initially prevented from questioning his girlfriend on why he was sent to Los Angeles because, immediately following a sidebar, counsel was permitted to question the witness on this point.

were joined by the word "and" in the indictment.  As the evidence was sufficient on either of the acts charged, the instruction was proper, and Borodyonok's claim is without merit.  <u>United States v. Hawkes</u>, 753 F.2d 355, 357 (4th Cir. 1985) (citing <u>Turner v. United States</u>, 396 U.S. 398, 420 (1970)).

Borodyonok also claims the district court's lack of impartiality was demonstrated in charging the jury that the Government need only prove that at least one of Borodyonok's purposes in marrying Ashley Farrell, a U.S. citizen, was to evade the immigration laws and that it did not have to be his sole purpose. That Borodyonok may have married Farrell with the additional intent of having consensual sex with her, as he claimed, or raping her, as she alleged, does not somehow mitigate his intent to violate the immigration laws.  Accordingly, his claim is without merit.

Borodyonok also claims the district court's bias was exhibited in instructing the jury that "it did not matter which two people entered into the illegal agreement or conspiracy."  The district court properly instructed the jury twice that the Government had to prove Borodyonok knowingly, willfully and voluntarily became a participant in or member of the conspiracy. Accordingly, Borodyonok's claim is without merit.

Finally, Borodyonok claims the district court demonstrated its lack of impartiality in instructing the jury that

"[t]here isn't any issue about overt acts in this case. We need not spend a whole lot of time on it, because the marriage actually took place, and that's an overt act if you find there was an agreement." The district court also provided detailed instruction as to a number of other facts as to which there was no dispute, and emphasized that the primary issue for the jury's consideration was the defendant's intent in entering into the marriage and whether an agreement existed sufficient to support the conspiracy charge.

Any error by the district court in instructing the jury was harmless as defense counsel admitted during closing argument several of the overt acts occurred; counsel informed the jury that the issue for them to decide was Borodyonok's intent in marrying Farrell; the district court gave the jury a cautionary instruction related to its comments on the evidence; and the evidence of Borodyonok's guilt was overwhelming. Neder v. United States, 527 U.S. 1, 18 (1999). Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED